THORNTON *v.* THE AMERICAN WRITING MACHINE CO.

Where a summons of garnishment was issued and personally served, and no answer was filed by the garnishee at either the return or second term of the court, and thereupon judgment by default was entered against him, a motion to set aside this judgment, made by him nearly two years after it was taken, on the ground that at the time he was served with the summons of garnishment he was a citizen of Kentucky and was temporarily in Georgia as a suitor and witness in a case in which he was plaintiff, then on trial, and

was therefore exempt from civil process, and the summons of garnishment and judgment entered thereon were illegal and void, was too late and was properly denied. The judgment was not void, the court which rendered it having jurisdiction both of the person and of the subject-matter.

(a) It seems that a suitor or witness in attendance upon the trial of any case in court is exempt from service of any writ or summons while so attending, and in going to or returning from the court. But where so served, he should move to set aside the service; or else file a plea in abatement, or perhaps a plea to the jurisdiction, and insist upon his privilege. The service of the process was not void, but voidable upon proper action in proper time by the person served.

April 12, 1889.

Garnishment. Judgments. Privilege. *Laches.* Practice. Jurisdiction. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1888.

Reported in the decision.

J. H. SMITH, for plaintiff in error.

HOKE & BURTON SMITH, *contra.*

SIMMONS, Justice.

The American Writing Machine Company commenced its action against W. K. Tewksbury & Co. for $1,109.25. On the 19th of January, 1886, affidavit was made and bond given for the issuance of summons of garnishment in said suit; and on the same day a summons of garnishment was issued and served personally by the sheriff upon M. E. Thornton. It was made returnable to the next term of the superior court of said county. No answer was filed to this summons to the first term of the court. At the second term, to wit, on the 4th of November, 1886, no answer having been filed, judgment was entered against Thornton by default. On the 17th of August, 1888, Thornton filed his petition to the superior court to set aside the judgment, on the following ground, to wit: that at the time he was served with said summons of garnishment, he was a

v 83-19

citizen of the State of Kentucky, and not a citizen of Georgia ; that he was in the State of Georgia temporarily, as a suitor and witness in his own case, to wit, the case of Thornton *v.* Conley, then being tried in the superior court of Fulton county ; that during the progress of said trial, and on the day on which he was served with said summons of garnishment, his case was on trial in said court, and he was sworn and testified as a witness therein ; that being a non-resident and a suitor and witness in said court, he was exempted by law from being served with civil process while in attendance upon said court as a suitor or witness ; that the plaintiff and its attorneys knew that he was a non-resident and a suitor and witness in said case ; and that the summons of garnishment served upon him was therefore illegal and void, and the judgment entered thereon likewise illegal and void ; and he prayed the court to set the same aside for these reasons. The trial judge refused to set aside the judgment, and Thornton excepted and brought the case here.

The law seems to be that a suitor or a witness in attendance upon the trial of any case in court, is privileged from arrest under any civil process, and is exempted from the service of any writ or summons upon him or them while in attendance upon such court, or in going to or returning therefrom. If a suitor or witness is arrested or if civil process is served upon him while thus in attendance on the court, the court, upon application made in proper time, will order his discharge from arrest, or will set aside the service of the civil process. The practice in cases of this sort seems to be, where a party is arrested, to move the court for a discharge, or where served with civil process, to move to set aside the service or else file a plea in abatement to the suit or summons, and insist in his plea upon his privilege. The service of the civil process is not void,

but voidable upon proper action in the proper time by the person served. Atchison *v.* Morris, 11 Fed. Rep. 582, and cases there cited; Learned *v.* Griffin, 12 Fed. Rep. 590, and cases cited; Palmer *v.* Rowan and Belcher, 21 Neb. 452, and cases cited; 1 vol. Tidd's Practice, §81. Notes to Prentis *v.* Commonwealth, 16 Amer. Decisions, 784.

It will be seen, by reference to the facts in this case, that Thornton, the person garnished, did not pursue either of these remedies, but paid no attention to the summons, and waited until nearly eighteen months, before he moved to set aside the judgment. In our opinion, he should have applied to the court at the time he was served with summons of garnishment, to set aside the service, or he should have filed his answer to said summons, setting out and claiming his privilege and exemption from said service. If he had done either, doubtless the court would have set aside the service in the first instance, or would have sustained his plea in the second. But as said before, he did neither. He remained silent, filed no answer or plea, and the court entered judgment against him by default. In our opinion, it was then too late to move to set aside the judgment on the ground that his privilege as a suitor and witness had been violated. The judgment was not void. The court which rendered it had jurisdiction both of the person and the subject-matter. The code, §21, declares that "the jurisdiction of this State and its laws extends to all persons while within its limits, whether as citizens, denizens or temporary sojourners." Section 3304 declares, in substance, that where any person who has been served with summons of garnishment, fails to answer at the first or second term, judgment shall be entered up against him as in cases of default. In the case of Matthews *v.* Puffer, 10 Fed. Rep. 606, Blatchford, J., in treating of this subject, says: "The objection

to the service, as made while the defendant was protected by a privilege, was one which the defendant could waive, and one which he might waive by not making it when he ought to make it, or by not making it in a proper way, as well as by not making it at all. It is one of those irregularities which must be promptly availed of." Freeman on Judgments, in discussing judgments against privileged persons, says (§496): "If process be served, the defendant must appear and protect his interests. If he is privileged from service as a member of a legislative or other political body, the privilege is a personal one, which must be claimed by motion in the case. Courts cannot, *ex officio*, take notice of the persons thus privileged. And if, in the absence of any claim being interposed, judgment is pronounced against them, it will not be intermeddled with in equity."

In the case of Peters. *v.* League, 13 Md. 58, it was held " that service of process upon a privileged person is not void, but a mere irregularity which may be waived by a trial or confession of judgment. The privilege must be claimed by plea or motion in the particular case made at the proper time. In the case of Prentis *v.* The Commonwealth, 5 Randolph, 697, it was held that " the privilege of a member of assembly cannot be noticed by the courts *ex officio*. As it may be waived, it must be claimed; and it can only be claimed by plea, or on motion tendered, or made at the proper period. If a member of assembly allows a judgment to be rendered against him during the existence of his privilege, and does not seek during the progress of the proceedings either to abate or suspend them, he will be deemed to have waived his privilege, and he cannot afterwards be allowed the writ of error *coram vobis*, to reverse the judgment." See also note to the same case, reported in 16 Amer. Decis. 784, where it is said that

" every privileged person must at a proper time and in a proper manner claim the benefit of this privilege. The judge is not bound to notice a right of privilege, or grant it without a claim."

While Thornton's privilege as a suitor and witness may have exempted him from service of this summons of garnishment, he should in some way have called the attention of the court to the same, either by moving to set aside the service, by plea in abatement, or perhaps by plea to the jurisdiction, as was done in 21 Neb. 452, *supra.* Not having done so, and judgment having gone against him by default, in our opinion it was too late after that to move to set aside the judgment because his privilege had been violated by service of process while in attendance upon the court as a suitor and witness. *King* v. *Phillips,* 70 *Ga.* 409.

We have been unable to find any case where a judgment has been set aside on the ground of violation of the privilege of the defendant. All the cases cited by the plaintiff in error were either upon motions to set aside the service, or on pleas in abatement or to the jurisdiction.                                    *Judgment affirmed.*