[Civ. No. 5365. First Appellate District, Division One.—July 27, 1925.]

HILDA BETTY COOKE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] PROHIBITION—HABEAS CORPUS—IMMUNITY FROM SERVICE OF PROCESS—JURISDICTION.—A superior court having jurisdiction of a *habeas corpus* proceeding involving the custody of a minor child cannot be restrained from proceeding further therein by writ of prohibition, where such writ of prohibition is petitioned for by the party having the custody of the child upon the ground that she was immune from service of process in such *habeas corpus* proceeding, and such claim of immunity has been made in said *habeas corpus* proceeding.

[2] ID.--ERRONEOUS DECISION — JURISDICTION. — Prohibition is not available to restrain a subordinate court from deciding erroneously. It lies only when such tribunal is entertaining a proceeding of which it has no jurisdiction or where it is assuming to exercise an unauthorized power in a cause or proceeding of which it has jurisdiction.

(1) 32 Cyc., p. 495, n. 65, 66, p. 605, n. 38 New.    (2) 32 Cyc., p. 604, n. 32.

PROCEEDING in Prohibition to restrain the Superior Court of the City and County of San Francisco from pro-

2. See 21 Cal. Jur. 594; 22 R. C. L. 23.

ceeding further in a *habeas corpus* matter. J. J. Trabucco, Judge Presiding. Writ denied.

The facts are stated in the opinion of the court.

Knight, Boland, Hutchinson & Christin and Archibald M. Johnson for Petitioner.

Annette A. Adams, Charles N. Douglas and Joseph A. McCaffrey for Respondents.

KNIGHT, J.—Prohibition. Petitioner seeks to prohibit the Superior Court of the State of California, in and for the City and County of San Francisco, Department 12 thereof, and the Honorable J. J. Trabucco, judge presiding, from further hearing or determining a proceeding in *habeas corpus* now pending before said Superior Court, involving the custody of Shirley Cooke, a minor child of the age of five and one-half years.

The facts are as follows: James H. Cooke and Hilda Betty Cooke are husband and wife and are the parents of said Shirley Cooke, all of whom are subjects of Great Britain, and, until recently, resided in the province of Ontario, Canada.

It is in substance alleged by the father of said child, in his petition for the writ of *habeas corpus,* that under Canadian law he has been declared the custodian of said child, and that during the month of January, 1925, the mother kidnaped said child, in said province of Ontario, Canada, and unlawfully brought her to the United States.

In the return to said writ of *habeas corpus,* filed by the mother of said child, it is, in effect, alleged that on June 7, 1925, at the instance of the father, in the city of Reno, state of Nevada, she and the child were arrested pursuant to a federal warrant issued by the immigration service of the department of labor of the United States government; that after certain proceedings were had in the state of Nevada (the purpose and effect of which are unimportant here), and in order to expedite the matter of the hearing of said immigration proceedings, she surrendered herself and child into the custody of the immigration officials of San Francisco, where said immigration proceedings were made return-

able and were required to be heard and determined. Later she and the child were releasd on bail, and while at liberty on bail awaiting the hearing and determination of said immigration proceedings, this writ of *habeas corpus* was applied for and issued, upon the petition of the father, who seeks thereby to regain the custody of said child. All of these facts and circumstances are in detail set forth in said return, and upon these facts thus alleged, and the evidence adduced in support thereof, the mother of the child claims that she and the child were immune from the service upon them of process issued out of the state courts (*Fox* v. *Hale & Norcross,* 108 Cal. 369 [41 Pac. 308]; *Hammons* v. *Superior Court,* 63 Cal. App. 700 [219 Pac. 1037]; *Filler* v. *McCornick,* 260 Fed. 309; *Central Ry. Co.* v. *Jackson,* 238 Fed. 625; *Stratton* v. *Hughes,* 211 Fed. 557).

[1] The sole question presented by this proceeding in prohibition, however, is one purely of jurisdiction, that is, whether or not, on account of said claim of immunity having been made in said *habeas corpus* proceeding, and (we will assume) having been established by evidence, said Superior Court is now proceeding without or in excess of jurisdiction. Our conclusion is that the question must be answered in the negative. It has been uniformly held in apparently all of the jurisdictions wherein this question has arisen, that if such immunity be seasonably and properly asserted it serves as sufficient grounds for abatement of the proceeding, or upon which the service of the process may be set aside (*Thornton* v. *American Writing Machine Co.,* 83 Ga. 288 [20 Am. St. Rep. 320, 9 S. E. 679]), but that the proceeding out of which the alleged illegal process was issued is not void, nor is the service itself of the process a nullity, but that such immunity is only a privilege which may or may not be claimed, and that under certain circumstances is held to be waived (*Smith* v. *Jones,* 76 Me. 138 [49 Am. Rep. 598]; *Wood* v. *Kinsman,* 5 Vt. 588; *Petrie* v. *Fitzgerald,* 1 Daly (N. Y.), 401; *Cooper* v. *Wyman,* 122 N. C. 784 [65 Am. St. Rep. 741, 29 S. E. 947]; *Massey* v. *Colville,* 45 N. J. L. 119 [46 Am. Rep. 754]; *In re Hall,* 296 Fed. 780, 782; *Thornton* v. *American Writing Mach. Co.,* 83 Ga. 288 [20 Am. St. Rep. 320, 9 S. E. 679]; *McCullough* v. *McCullough,* 203 Mich. 288 [168 N. W. 929]; *Tiedemann*

v. *Tiedemann*, 156 N. Y. Supp. 109; *Austen etc. Road Co.
v. Owen*, 41 S. D. 110 [168 N. W. 860]; *Sebring* v. *Stryker*,
10 Misc. Rep. 289 [30 N. Y. Supp. 1053]).

There can be no doubt but that the Superior Court, upon
the filing of the father's petition in *habeas corpus*, the legal
sufficiency of which petition is not questioned, was clothed
with full and complete power to hear and determine the
proceeding initiated by it—indeed it was its duty to do so;
and it is manifest from the rule established by the numer-
ous authorities hereinabove cited that the mere assertion of
a claim of immunity did not *ipso facto* stay the proceeding
or divest said court of jurisdiction, but, being in its nature
a plea in abatement, said claim of immunity simply raised
before said Superior Court an issue of fact as to the matters
therein pleaded, and which, if established, would doubtless
operate to abate the proceeding. But jurisdiction to hear
and determine that issue was necessarily retained by the
tribunal to which the plea was addressed and before which
the issue was pending. It follows that prohibition does not
lie to prevent that tribunal from exercising, in that respect,
its lawful jurisdiction. Moreover, the petition in the instant
proceeding does not allege that the court before which said
issue is pending has even indicated that it is going to de-
cide said issue adversely to the mother's claim, the allegation
of the petition in this respect being: ''That said Superior
Court intends *to proceed further* with said *habeas corpus*
proceeding; that unless this Honorable Court arrests said
proceeding of said Superior Court the petitioner and her
said child and said Anna Bowman (the grandmother of said
child) will be irreparably injured.'' (Italics ours.) How-
ever, it appears that petitioner having urged upon said
Superior Court a plea, founded upon allegations of fact,
which, if true, would, it is claimed, operate to abate the
proceeding filed against her, now seeks by this proceeding
to prohibit said court from giving its decision upon the very
issue of fact thus presented for decision. The inconsistency
of petitioner's position seems self-evident. Even though it
were alleged that said Superior Court had declared its in-
tention of deciding adversely upon that issue and that such
decision, if so rendered, would be in contravention of the
law, it would not furnish grounds for interference on prohi-

bition for the reason that said Superior Court would still be acting entirely within its jurisdiction in determining an issue legally within its power to determine, and which had been properly brought before it. [2] Prohibition is not available to restrain a subordinate court from deciding erroneously (*Van Hoosear* v. *Railroad Com.*, 189 Cal. 228 [207 Pac. 903]; High on Extraordinary Remedies, p. 772). It lies only when such tribunal is entertaining a proceeding of which it has no jurisdiction or where it is assuming to exercise an unauthorized power in a cause or proceeding of which it has jurisdiction (21 Cal. Jur. 584; *Day* v. *Superior Court*, 61 Cal. 489; *Coker* v. *Superior Court*, 58 Cal. 177).

The writ is denied.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 26, 1925, and a petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 24, 1925.