## 25062. WEEMS v. WEEMS.

UNDERCOFLER, Justice. William G. Weems brought an action for divorce in Putnam Superior Court (Case No. 2096) against Emily Jones Weems, a nonresident. She filed an answer, counterclaim for alimony, and a motion to dismiss the petition because of the failure to perfect service on her. The trial judge ordered a hearing thereon in Putnam County, Georgia, on September 20, 1968, at which time he dismissed the petition and counterclaim. See *Weems v. Weems*, 225 Ga. 19.

While the defendant was in attendance at the hearing on September 20, 1968, the plaintiff filed the instant suit for divorce and served the defendant. She again filed an answer, counterclaim, and a motion to dismiss the petition for insufficiency of service of process. The trial court sustained the motion to dismiss the petition and the defendant then dismissed her answer and counterclaim. The plaintiff appeals to this court. *Held:*

1. Enumeration of error number 1 complains that the trial court erred in admitting in evidence over the plaintiff's objection the ex parte affidavit of the defendant in support of her mo-

tion to dismiss the petition for insufficiency of service, that its admission denied him the right of cross examination of the witness, and that said motion should not have been granted without other evidence to support it.

The verified petition alleges that the defendant is a nonresident; the record shows that she was personally served with a petition and summons on September 20, 1968, by the Deputy Sheriff of Putnam County, Georgia; and the trial judge took "judicial notice that the defendant Emily Jones Weems was in court on September 20, 1968, in the case of W. G. Weems v. Emily Jones Weems, Putnam Superior Court No. 2096." These facts are uncontradicted, not objected to, and were sufficient to support the ruling by the trial judge. See *Thornton v. American Writing-Machine Co.*, 83 Ga. 288 (9 SE 679, 20 ASR 320); *Woodruff v. Balkcom*, 205 Ga. 445, 447 (2) (53 SE2d 680). The affidavit of the defendant contained essentially the same facts and the denial of the right of cross examination complained of by the appellant, if error, was harmless.

2. Enumeration of error number 2 complains that the trial court erred in granting the motion to dismiss the petition on the ground of insufficiency of service because the defendant waived defects in service and ratified service by filing her counterclaim against the plaintiff and was thereby estopped to contest service upon her.

*Code Ann.* § 81A-112 (b) provides: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: . . . (5) insufficiency of service of process. . . (7) . . . A motion making any of these defenses shall be made *before or at the time of pleading* if a further pleading is permitted. . ." Ga. L. 1966, pp. 609, 622. (Emphasis supplied.)

*Code Ann.* § 81A-112 (h) (1) provides: "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subsection (g), or (B) if it is neither made by motion under this section nor included in a responsive pleading, as originally filed." Ga. L. 1967, pp. 226, 231; 1968, pp. 1104, 1106.

The record in this case shows that the written motion to dismiss for insufficiency of service of process was filed on the same day as the answer and counterclaim. Accordingly, the defendant did not waive the alleged deficiency in service by filing an answer and counterclaim on the same day. This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 10, 1969—DECIDED FEBRUARY 20, 1969.

*D. D. Veal,* for appellant.
*Kice H. Stone,* for appellee.