## 28403. HENDERSON v. HENDERSON.

INGRAM, Justice. A single enumeration of error brings this case here for decision on appeal. It asserts that the trial court erred in dismissing the appellant's complaint for contempt filed against the appellee.

These parties were divorced in Fulton Superior Court by decree entered October 15, 1969. The appellee was awarded custody of the minor children and appellant was "awarded reasonable visitation." On November 22, 1972, appellant filed a complaint for contempt against the appellee alleging that she was "not allowing (appellant) to visit the children." The complaint stated that the appellee then resided in Smyrna, Georgia, and must be served by second original. An answer was filed by appellee to this complaint for contempt admitting she was subject to the jurisdiction of the court and that she resided in Smyrna, Georgia, but denying she was refusing visitation of the children by appellant.

Subsequently, an order was entered by the trial judge in the contempt case with the written consent of both parties and their

counsel, which modified the original decree by granting appellant specific visitation periods. The consent order provided that "the parties are directed to comply with the terms of this order (entered March 15, 1973) and the final judgment and decree, dated the 15th of October, 1969."

The present action for contempt was filed by appellant on July 30, 1973, alleging that appellee had wilfully violated the consent order of March 15, 1973, by denying appellant the visitation provided for therein. Appellee filed a motion to dismiss this complaint on the ground that the consent order of March 15, 1973, was void. She contends the court lacked jurisdiction over the subject matter and her person in that she was then a resident of Cobb County and the court had no jurisdiction to modify the original decree by granting appellant specific visitation periods in the contempt case.

We agree the terms of a final divorce decree cannot be modified in subsequently filed contempt proceedings because any change in custody or visitation must be accomplished through new proceedings based upon evidence showing a change in circumstances affecting the interest and welfare of the minor children. See *Danner v. Robertson,* 221 Ga. 516 (145 SE2d 554).

The trial court had jurisdiction over the person of the appellee in the contempt case to enforce the original divorce decree (*Curtright v. Curtright,* 187 Ga. 122 (2) (200 SE 711)), but had no jurisdiction in that case to modify the terms of the decree, even by consent of the parties. The order of March 15, 1973, therefore, is void as Fulton Superior Court did not have jurisdiction in the contempt case to modify the visitation provisions of the final divorce decree entered October 15, 1969. *Danner v. Robertson,* supra, Hdn. 2; see, also, *Thomas v. Thomas,* 221 Ga. 652 (2) (146 SE2d 724).

The March 15, 1973 order, being a nullity, was subject to attack at any time, and the trial court properly dismissed appellant's complaint to enforce it through contempt proceedings filed against the appellee.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 2, 1973 — JANUARY 9, 1974.

*Kyle Yancey,* for appellant.
*Leiter & Leiter, Beulah G. Leiter, Robert Paul Leiter,* for appellee.