## 48890. AUSBON v. AUSBON.

BELL, Chief Judge.

Plaintiff filed a complaint for breach of contract against defendant. Defendant, a resident of Florida, was personally served outside the courtroom of Muscogee Superior Court at a time when a jury was deliberating on defendant's suit against this plaintiff for a modification of alimony previously awarded in a divorce decree between these parties. The contract sued upon here concerns alimony and child support which was incorporated into the divorce decree and to which defendant sought modification. The defendant's motion to dismiss the complaint for insufficiency of service of process was granted and the plaintiff appeals. *Held:*

The motion to dismiss the complaint for the insufficiency of service of process was granted upon the premise that defendant who was served while he was in attendance at trial in another case was immune from service of process. In *Thornton v. American Writing Machine Co.,* 83 Ga. 288 (9 SE 679), it was stated: "The law seems to be that a suitor or a witness in attendance upon the trial of any case in court, is privileged from arrest under any civil process, and is exempted from the service of any writ or summons upon him or them while in attendance upon such court, or in going to or returning therefrom." This statement which was dictum in the *Thornton* case, has been cited and approved by the Supreme Court in later decisions. *Turner v. McGee,* 217 Ga. 769 (125 SE2d 36) and *Weems v. Weems,* 225 Ga. 154 (166 SE2d 352). Additionally, even in an earlier decision, *Henegar v. Spangler,* 29 Ga. 217, it was held by the Supreme Court: "Suitors are exempted from arrest while going to, attending on, or returning from Court. Nor does the fact that one of them resides out of the State, and who has had his adversary arrested, under bail process, previously, justify a departure from the practice." This leads to the conclusion that the above statement from *Thornton* is the law in Georgia on the subject of immunity from service of process. The only exceptions to

this rule that have been recognized in the past by courts of this state concern persons who were defendants in criminal cases (*Rogers v. Rogers*, 138 Ga. 803 (76 SE 48)), and persons who are nonresidents of Georgia but temporarily in this state for some purpose other than to appear in court as a party or witness. *Vaughn v. Boyd*, 142 Ga. 230 (82 SE 576). While plaintiff cites respectable foreign authority which recognizes another exception to the general rule, i.e., where the subject matters of the two suits are interrelated, as they are here, we are bound by the Supreme Court decisions and cannot ignore or enlarge on the rule which that court has indicated is the inclusive rule.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 7, 1974 — DECIDED APRIL 2, 1974.

*Henson, Waldrep & Williams, Peter G. Williams,* for appellant.

*Willis & Carter, Grover C. Willis, Jr.,* for appellee.