## 29995, 29996. STEELMAN v. FOWLER; and vice versa.

UNDERCOFLER, Presiding Justice.

Sueann Steelman, a nonresident of Georgia, filed an action on February 7, 1975, for contempt against her former husband for failure to allow the visitation privileges awarded to her by a divorce decree between the parties. On February 17, 1975, G. Z. Fowler filed a complaint for change in condition with respect to the visitation privileges. Sueann Steelman was served with process while in the chambers of the judge awaiting appearance on her motion in the contempt action. Sueann moved to quash and dismiss the change of custody action because of insufficiency of service of process on her. At the time she was served, she was in attendance in court on her

contempt action.

The trial court overruled the motion to quash based on the court's lack of jurisdiction because "the reasons and basis for the immunity of suitors from service of civil process do not apply to the facts of this case where equity and the welfare of the child require that the matter be heard on its merits." Sueann contends that the trial court erred in overruling her motion to quash.

The trial court on March 10, 1975, by an ex parte motion terminated the visitation rights of the mother until further order of the court. On March 24, 1975, this ex parte order was dissolved. The father contends that the trial court erred in this action.

The trial court certified both of these contentions for immediate review by this court. *Held:*

1. The appellant contends that the trial court erred in overruling her motion to quash and dismiss the change of custody action because of insufficiency of service. She is a nonresident of Georgia and was served while attending court on her contempt action. A petition for contempt and a petition for change of custody are separate proceedings.

"The law seems to be that a suitor or a witness in attendance upon the trial of any case in court, is privileged from arrest under any civil process, and is exempted from the service of any writ or summons upon him or them while in attendance upon such court, or in going to or returning therefrom." *Thornton v. American Writing Machine Co.,* 83 Ga. 288, 290 (9 SE 679); *Turner v. McGee,* 217 Ga. 769 (125 SE2d 36); *Weems v. Weems,* 225 Ga. 154 (166 SE2d 352); *Ausbon v. Ausbon,* 131 Ga. App. 530 (206 SE2d 546).

Service on the nonresident appellant was insufficient to give the court jurisdiction of her person and the motion to quash should have been sustained.

2. Since the trial court did not have jurisdiction of the nonresident defendant, the question of whether he erred in dissolving the ex parte order terminating the visitation rights of the mother will not be considered.

*Judgment reversed on main appeal. Cross appeal dismissed. All the Justices concur.*

Argued June 9, 1975 — Decided July 1, 1975.

*McCamy, Minor, Phillips & Tuggle, Joseph T. Tuggle, Jr.,* for appellant.

*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Jr., John Atkins Henderson,* for appellee.