### 32313. SMITH v. SMITH.

NICHOLS, Chief Justice.

The appellant and appellee were divorced in Fulton County Superior Court by decree entered May 10, 1967. The appellant was awarded custody of the two minor children of the parties, and appellee was given reasonable visitation rights provided she gave at least 24 hours notice of her desire to visit the children. In 1976 appellee began attempts to exercise these visitation privileges and was told by appellant that he thought it best she not see the

children after such a long absence. The appellee then brought this contempt action in Fulton County Superior Court and by amendment prayed for modification of the visitation rights to have specific periods for such visitation.

The appellant answered the amended pleadings, contending the court did not have jurisdiction to modify the decree since he was now a resident of Fayette County. The court overruled appellant's motion and granted appellee specific visitation rights "every other week from 3:00 to 5:00 p. m. on Wednesdays unless the parties mutually agree upon another date." The appeal is from this order.

This court held in *Henderson v. Henderson*, 231 Ga. 577, 578 (203 SE2d 183) (1974), that: "We agree the terms of a final divorce decree cannot be modified in subsequently filed contempt proceedings because any change in custody or visitation must be accomplished through new proceedings based upon evidence showing a change in circumstances affecting the interest and welfare of the minor children. . . The trial court had jurisdiction over the person of the appellee in the contempt case to enforce the original divorce decree . . . but had no jurisdiction in that case to modify the terms of the decree, even by consent of the parties."

The trial court erred in entering its order modifying the visitation rights granted appellee and specifying periods of visitation.

*Judgment reversed. All the Justices concur, except Hall and Hill, JJ., who dissent.*

SUBMITTED MAY 13, 1977 — DECIDED JUNE 8, 1977.

*Archer, Sparrow, Barnes, Barron & Wallhausen, George N. Sparrow, Jr.,* for appellant.

*McCord, Cooper & Voyles, Robert B. McCord,* for appellee.

HILL, Justice, dissenting.

By amendment appellee prayed for modification of visitation rights from "reasonable visitation" to specific hours every other Wednesday.

In my view, the trial court had authority to change the appellee's visitation rights pursuant to Ga. L. 1976, p. 1050, where it was provided that: "In any case in which a judgment has been entered awarding the custody of a minor, *on the motion* of any party or on the motion of the court that portion of the judgment effecting visitation rights between the parties and their minor children may be subject to review and modification or alteration, but not more often than once in each two-year period following the date of the entry of such judgment, without the necessity of any showing of a change in any material conditions and circumstances of either party or the minor. The provisions of this Code section shall not limit or restrict the power of the court to enter a judgment relating to the *custody* of a minor *in any new proceeding* based upon a showing of a change in any material conditions or circumstances of a party or the minor." (Emphasis supplied.)

That is what the trial judge did. The statute authorized him to do so. No attack has been made upon the statute. The majority prefers to follow a 1974 decision of this court rather than a 1976 Act of the General Assembly. Moreover, in that 1974 case, *Henderson v. Henderson,* 231 Ga. 577 (203 SE2d 183) (1974), there was no prayer for modification of visitation rights. Visitation rights had been previously modified and that decision dealt solely with an action for contempt.

I acknowledge that prior to 1976 a motion for change of visitation was not a "motion" at all but was a new action. However, the General Assembly in 1976 enacted legislation providing that the court can change visitation on motion. My colleagues have cited no authority for the proposition that the General Assembly cannot change the law. I therefore dissent.

I am authorized to state that Justice Hall joins in this dissent.