## 32843. SAMPSON v. SAMPSON.

JORDAN, Justice.

This case presents the question of whether the visitation rights of the parties to a final divorce may be modified in a contempt proceeding.

Plaintiff-appellant brought a contempt action against her former husband for his failure to pay child support pursuant to their final divorce decree. The court's final order found the defendant in contempt for the non-payment of child support and harassment of the plaintiff. The order also modified the visitation rights of the parties by allowing the defendant to pick up the child at the home of the plaintiff rather than the plaintiff delivering the child to the residence of defendant's mother.

Appellant contends that a final decree of divorce may not be modified as to visitation rights at a subsequently filed contempt action, relying on *Henderson v. Henderson,* 231 Ga. 577 (203 SE2d 183) (1974) which stated that "the terms of a final divorce decree cannot be modified in subsequently filed contempt proceedings because any change in custody or visitation must be accomplished through new proceedings based upon evidence showing a change in circumstances affecting the interest and welfare of the minor children."

This language in *Henderson* was quoted in the recent case of *Smith v. Smith,* 239 Ga. 202 (236 SE2d 364) (1977), also cited by appellant. Since the *Henderson* decision the Georgia legislature has passed an addition to Code § 30-127 which provides that: "In any case in which a judgment has been entered awarding the custody of a minor, on the motion of any party or on the motion of the court, that portion of the judgment affecting visitation rights between the parties and their minor children may

be subject to review and modification or alteration, but not more often than once in each two-year period following the date of the entry of such judgment, without the necessity of any showing of a change in any material conditions or circumstances of either party or the minor. The provisions of this code section shall not limit or restrict the power of the court to enter a judgment relating to the custody of a minor in any new proceeding based upon a showing of a change in any material conditions or circumstances of a party or the minor." Ga. L. 1976, p. 1050.

It seems clear that the holding in *Henderson* is abrogated by this legislative enactment to the extent that a "new proceeding based upon evidence showing a change in circumstances affecting the interest and welfare of the minor children" is now not the *only* way visitation rights may be modified.

We interpret this amendment to allow modification of visitation rights on the motion of either party or on motion of the trial judge in a contempt proceeding. See Justice Hill's dissent in *Smith v. Smith,* supra. The holding in *Smith v. Smith,* is disapproved. In *Mathews v. Mathews,* 230 Ga. 779 (199 SE2d 179) (1973), this court allowed the trial court to change temporary custody of minor children during a contempt proceeding. It is apparent that the legislative intent of this amendment is to increase the discretion of a trial judge in the modification of visitation rights. There is no reason why he should not be allowed to exercise this discretion in a contempt proceeding.

In this case the modification of visitation rights was apparently made on a motion of the court. Based on the 1976 amendment to Code § 30-127, the judgment and final order of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

Submitted October 7, 1977 — Decided November 1, 1977.

*Arthur Leed,* for appellant.