## 33683. COUTURE v. COUTURE.

BOWLES, Justice.

Appellee Thomas Fred Couture, a nonresident of Georgia, brought a petition for habeas corpus in Thomas County, Georgia, against his wife, Phyllis Jean Couture, seeking custody of a minor child born during their wedlock. The writ of habeas corpus issued on February 15, 1978, and hearing was set thereon for February 17, 1978, but continued until February 22, 1978, at appellant's request. On February 21, 1978, appellant filed a complaint for divorce and other relief which was personally served upon appellee while he was awaiting trial of the habeas corpus case. Appellee moved for dismissal of the divorce proceedings upon dual grounds: First, that the Superior Court of Thomas County, Georgia lacked jurisdiction over the person of the defendant-appellee; and second, that he had not been sufficiently served in a legal manner as he was immune from such service as a nonresident being presently in Georgia solely and exclusively to be in attendance for the habeas corpus civil action. The trial court heard evidence in support of the motion and entered the following findings of fact: Appellant came to Thomas County, Georgia and established residence on or about August 8, 1977. Defendant-appellee is a resident of the State of New York. Appellant brought with her a daughter, Suzette M. Couture, without the knowledge and consent of her husband, appellee. Appellant was pregnant at the time with another child born to her on September 10, 1977. The order also recited the dates of filing and hearing in the

habeas corpus proceedings and the filing of the divorce action as above set forth. The court concluded that the appellee was present in Thomas County, Georgia, solely and exclusively for attendance in the habeas corpus action; and, as a matter of law, that he was not subject to service of process as he was within the confines of the jurisdiction for that sole reason. The trial court held that service of process upon the appellee was insufficient, as a matter of law, as he was presently immune therefrom and service of process was ordered quashed.

Appellant appeals to this court from that order.

We affirm.

It seems settled beyond question in this state that a nonresident suitor in attendance upon the trial of any case in court is exempt from service of any writ or summons while so attending, and in going to or returning from the court, where he properly insists upon his privilege. *Word v. Word,* 236 Ga. 100, 102 (2) (222 SE2d 382) (1976); *Steelman v. Fowler,* 234 Ga. 706 (217 SE2d 285) (1975) and cits.

The appellee having filed a proper motion objecting to the jurisdiction of the court and the service of process upon him, and the court having found as a matter of fact that the appellee was served during a period of time when his sole purpose in the state was the attendance upon another civil case separate from the cause of action for which he was served, the trial court did not err in sustaining his plea.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 2, 1978 — DECIDED SEPTEMBER 5, 1978.

*Whitehurst, Cohen & Blackburn, A. J. Whitehurst,* for appellant.

*Loftiss & Messinger, Jeff Loftiss,* for appellee.