## 33676. PARKER v. PARKER.

BOWLES, Justice.

The appellant and appellee were divorced in Carroll County Superior Court by decree entered September 18, 1973. The appellant was awarded permanent custody of the four minor children of the parties, and appellee given the "right of reasonable visitation," and ordered to pay the appellant $25 per week, per child, as child support. On February 14, 1978, appellant filed a citation for contempt seeking to hold the appellee in contempt for failure to make child support payments.

On March 15, 1978, the trial court entered an order which found the appellee not to be in contempt of court for failure to pay child support. The trial court further

ordered temporary custody of the minor children to be placed in the paternal grandmother "until such time as the Department of Family and Children Services of Carroll County, Georgia, has had an opportunity to investigate the living standard and conditions of the parties to this action."

Appellant appeals from this order, her sole contention being that the trial court did not have jurisdiction to modify the final decree of divorce as regards custody in a subsequently filed contempt proceeding. We agree with the appellant's contention, and, therefore, reverse that portion of the trial court's order which temporarily changed custody of the minor children.

In *Henderson v. Henderson,* 231 Ga. 577 (203 SE2d 183) (1974), it was stated: ". . .the terms of a final divorce decree cannot be modified in subsequently filed contempt proceedings because any change in custody *or* visitation must be accomplished through new proceedings based upon evidence showing a change in circumstances affecting the interest and welfare of the minor children." (Emphasis supplied.)

Since our decision in *Henderson,* supra, the legislature amended Code Ann. § 30-127 so as to provide that, "In any case in which a judgment has been entered awarding custody of a minor, *on the motion of any party or on the motion of the court that portion of the judgment affecting visitation rights* between the parties and their minor children *may be subject to review and modification* or alteration, but no more often than once in each two year period following the date of entry of such judgment, *without the necessity of any showing of a change in any material conditions and circumstances of either party* or the minor." (Emphasis supplied.)

Recently, in *Sampson v. Sampson,* 240 Ga. 118 (239 SE2d 519) (1977), we interpreted this amendment "to allow modification of *visitation rights* on the motion of either party or on motion of the trial judge in a contempt proceeding." (Emphasis supplied.) Although *Sampson,* supra, recognized that "the holding in *Henderson* is abrogated by this legislative enactment *to the extent that* a 'new proceeding based upon evidence showing a change in circumstances affecting the interest and welfare of the

minor children' is now not the *only* way *visitation rights* may be modified," the holding in *Henderson,* supra, is left unaltered by Code Ann. § 30-127 as regards a modification of custody. (Emphasis supplied.)

In this case, the trial court temporarily changed custody without a new proceeding based upon evidence showing a change in circumstances affecting the interest and welfare of the minor children. Therefore, *Henderson,* supra, is controlling and that portion of the trial court's order which temporarily changed custody of the four minor children must be reversed.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 2, 1978 — DECIDED SEPTEMBER 6, 1978.

*Alton T. Milam,* for appellant.
*Hollis B. Johnson,* for appellee.