69419, 69608. SKINNER v. SKINNER (two cases).
(323 SE2d 905)

BANKE, Presiding Judge.

Pursuant to their divorce in 1979, custody of the parties' son was granted to the appellant with certain visitation rights granted to the appellee. In June of 1984, the appellee brought the present action to have the appellant held in contempt for alleged violations of his visitation rights. The appellant denied any such violations and counterclaimed for back child support payments. The court declined to hold either party in contempt but granted custody of the child to the appellee for two months. We then granted an application by the appellant for a discretionary appeal. After the appellant had filed her notice of appeal, the trial court entered two additional orders in the action, the first purporting to allow the appellee to amend his citation for contempt and the second purporting to amend the findings of fact and conclusions of law. We subsequently granted the appellant's application to appeal these orders, also. *Held*:

1. In *Henderson v. Henderson*, 231 Ga. 577 (203 SE2d 183) (1974), the Supreme Court held that "the terms of a final divorce decree cannot be modified in subsequently filed contempt proceedings because any change in custody or visitation must be accomplished through new proceedings based upon evidence showing a change in circumstances affecting the interest and welfare of the minor children." Pursuant to a subsequent amendment to former Code Ann. § 30-127 (Ga. L. 1976, p. 1050, currently OCGA § 19-9-1), visitation rights may now be modified in a contempt proceeding; however, the rule as to custody as stated in *Henderson*, supra, remains unaltered. See *Parker v. Parker*, 242 Ga. 64 (247 SE2d 862) (1978). See also *Sampson v. Sampson*, 240 Ga. 118 (239 SE2d 519) (1977). Under *Parker*, supra at p. 66, even a temporary change in custody requires

"a new proceeding based upon evidence showing a change in circumstances affecting the interest and welfare of the minor children." It follows that the trial court erred in awarding custody to the appellees in this contempt proceeding.

2. The order purporting to allow the appellee to amend his pleadings and the order reciting additional findings of fact and conclusions of law, though obviously intended to cure the defects discussed in Division 1, were mere nullities, as the trial court was without jurisdiction to enter them. Under our system, "the filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter, or modify the judgment, whether pursuant to statutory or inherent power, are without effect. [Cits.]" *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525 (2) (258 SE2d 139) (1979). Accord *Smith v. Smith*, 135 Ga. App. 681 (218 SE2d 682) (1975).

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 15, 1984.

*Elsie Higgs Griner, Galen P. Alderman,* for appellant.
*Vickers Neugent,* for appellee.