40432. DeKALB COUNTY DEPARTMENT OF FAMILY &
CHILDREN SERVICES v. QUEEN et al.
40433. McMICHAEL v. QUEEN et al.

SMITH, Justice.

Jack Queen was divorced in 1977 and at that time awarded permanent custody of his five minor children. This case involves two of those children, girls now aged 11 and 12. In May 1982, Lillian Dorothy Queen McMichael, Jack Queen's former wife and mother of the girls, sought a modification of custody. A hearing on the matter was held in Carroll County Superior Court on June 8, 1982, after which the girls were allowed to remain in Jack Queen's custody. However, two days later, as a result of new information received by the court from the Carroll County Department of Family and Children Services (Carroll DFACS) the children were ordered removed and placed in a foster home. A Carroll DFACS home evaluation report requested by the Carroll County Superior Court turned up evidence, provided by an anonymous source, of sexual abuse of the Queen children. Jack Queen was given a copy of the report, which contained no names or information as to persons who had provided evidence of the alleged sexual abuse of the children. Following two hearings on the issue of the anonymous source of the DFACS report, and Queen's examination of the Carroll DFACS employee who had prepared and submitted the report, a temporary order was entered on September 23, 1983, transferring custody of the two girls from their father to the Carroll DFACS. It was further ordered that the children be physically placed in the home of a relative in DeKalb County and that DeKalb DFACS supervise their stay in the home, including arranging visits by the mother and father of the girls. The Carroll County court reserved the right to change the placement pending reports on the progress of the children and the parents. In April 1983, Jack Queen's motion for rehearing was denied and the children were ordered to remain in the temporary custody of Carroll DFACS.

In May 1983, Jack Queen petitioned for a writ of habeas corpus in the Superior Court of DeKalb County. Lillian Dorothy Queen McMichael moved to intervene in the action and this motion was denied. An order was issued in August 1983, granting the writ of habeas corpus, but ordering that the children remain in their temporary placement for at least 30 days at which time they were to be returned to Jack Queen if he had not been afforded a hearing in Carroll County to confront and cross-examine the witness or witnesses who were interviewed by Carroll County DFACS. It is from this order that the DeKalb County DFACS appeals, and from the

order denying her motion to intervene that Lillian Dorothy Queen McMichael appeals. We reverse as to DeKalb County DFACS and dismiss as to Lillian Dorothy Queen McMichael.

### Case Number 40432.

Appellants contend that it was error to fail to apply pertinent provisions of OCGA § 19-9-20 et seq. (Code Ann. § 24-301b), the Georgia Child Custody Intrastate Jurisdiction Act of 1978 (the Act). The general purpose of the Act is to avoid jurisdictional competition, promote cooperation by the courts of the state, and assure that litigation concerning custody of a child ordinarily takes place in the court with which the child and his family have the closest connection. OCGA § 19-9-21 (Code Ann. § 24-302b). The Act further specifies that the use of a complaint in the nature of habeas corpus seeking a change of child custody is prohibited, and that after a judicial determination of custody, any complaint seeking to obtain a change of legal custody of the child shall be brought in the county of residence of the legal custodian of the child. OCGA § 19-9-23 (Code Ann. § 24-304b).

There is no doubt that the Act controls on the present facts. "Legal custodian" is defined in the Act to mean a person, who may or may not be a parent, who has been awarded permanent custody of a child by a court order. OCGA § 19-9-22 (2) (Code Ann. § 24-303b). The legal custodian of the girls is Carroll County DFACS, not DeKalb County. As such, any action seeking a change in custody of these children is to be brought in Carroll County.

Jack Queen's petition was clearly an effort to obtain a change of legal custody. As a result of the provisions of the Act, the Superior Court of DeKalb County was without jurisdiction to grant any relief involving the custody of these children, including a writ of habeas corpus, and its order was violative of the general purposes of the Act in attempting to do so. See *Yearta v. Scroggins,* 245 Ga. 831 (268 SE2d 151) (1980). Therefore, the judgment of the DeKalb County Superior Court granting the petition for writ of habeas corpus is reversed.

### Case Number 40433.

This case is an appeal from a denial of Lillian Dorothy Queen McMichael's motion to intervene in the habeas corpus proceeding discussed in case 40432, supra. As a result of our ruling in that case reversing the judgment of the superior court, the instant case no longer presents an issue for review and is dismissed.

*Judgment reversed in case number 40432; case number 40433 dismissed. All the Justices concur.*

DECIDED MARCH 7, 1984.

*Michael J. Bowers, Attorney General, David C. Will, Assistant Attorney General, Robert G. Nardone, Special Assistant Attorney General,* for appellant (case no. 40432).

*Garland & Milam, Richard G. Milam,* for appellant (case no. 40433).

*Douglas N. Peters,* for appellees.