68194. PROFIT v. LEASING SYSTEMS, INC.

DEEN, Presiding Judge.
Appellant Joe Profit, acting on behalf of various ones of his partially or wholly owned business enterprises, entered into several different equipment leases with appellee Leasing Systems, Inc. (Leasing). Falling into default on the lease for a piece of equipment which he had leased for use by his International House of Pancakes franchise, appellant arranged with appellee for another of his businesses, J. B. & R. H., Inc., to take over this lease. Subsequently, neither Profit nor J. B. & R. H., Inc., made payments on the lease, and Leasing filed an action for breach of the leasing contract, seeking principal, interest, attorney fees, and court costs. Profit answered, denying liability on the basis that, simultaneously with the execution of the lease with J. B. & R. H., Leasing had released Profit from all

liability. Profit also cross-claimed against J. B. & R. H., Inc., for the amount of any liability that might be found against him.

Leasing moved for summary judgment against both Profit and J. B. & R. H., Inc., seeking a principal balance of $7,141.95 plus late charges at $29.67 per month. With its motion appellee filed a brief, a statement of undisputed material facts, and supporting affidavits. Appellant filed no responsive pleadings and did not appear at the March 4, 1983, hearing on the appellee's motion. The trial court granted summary judgment against Profit, finding that he had entered into the lease and had defaulted thereon, and that Leasing had sustained damages in the amount sought. The court denied the motion with respect to J. B. & R. H., Inc., however, and appellant then voluntarily dismissed without prejudice its complaint against that defendant. In October 1983 appellant's counsel of record, which had formally withdrawn from the case some thirteen months earlier, filed a motion to set aside the March 4 judgment on the grounds that appellant had received insufficient notice of the hearing, that there were unresolved questions of fact in the case, and that the court's award of damages overstated the balance owed by $3,000, the amount of an alleged previous payment.

Appellee filed a response, and after a hearing on November 7, 1983, the court entered a written order denying appellant's motion. On appeal Profit enumerates four errors by the trial court: the court erred in denying appellant's motion to set aside, allegedly doing so on procedural grounds only and without regard to the merits; the court's decision regarding sufficiency of notice was erroneous; the court erred in granting summary judgment because there were disputed questions of fact regarding the assumption of the lease and the amount of the debt owed; and the court further erred in granting judgment for more than $7,000 when the debt had allegedly been reduced by $3,000. *Held*:

1. The central issue in this case is whether appellant Profit remained liable to appellee on the original lease after J. B. & R. H., Inc., had been named as lessees for the equipment. In *Leasing Systems v. Easy Street*, 161 Ga. App. 756, 757 (288 SE2d 879) (1982), this court held in a similar factual situation that, because "[i]n order for a novation [which would extinguish the old lease] to occur there must be a mutual intention on the part of the parties to extinguish the old contract and substitute the new one for it [cits.]," the original lessee remained liable under the original lease, absent evidence indicating the lessor's specific intention to release the original lessee from its obligation.

The record in the instant case reveals no evidence that appellee intended to release appellant Profit. A Leasing official stated in his affidavit that there was no such intention on Leasing's part, and that

the purpose of executing the second lease was to gain additional security. Thus, as a matter of law, there occurred no novation or consequent extinguishment of the old lease, and Profit, the original lessee, remained obligated to the lessor for payments on the original lease. See *M. W. Buttrill, Inc. v. Air Conditioning Contractors,* 158 Ga. App. 122, 124 (279 SE2d 296) (1981); *Sportsman Camping Centers v. Bagwell,* 140 Ga. App. 312, 313 (231 SE2d 118) (1976). Appellant's enumeration is without merit.

2. The record discloses that appellant's remaining enumerations of error are also without merit. The trial court found, and the record confirms, that notice of the March 4, 1983, hearing was duly published in the *Fulton County Daily Report* and, moreover, that notice was mailed to appellant at his most recent address of record, which was the same address to which his counsel had mailed its September 1982 notice of withdrawal.

The record likewise sustains appellee's contention that the $3,000 overpayment which appellant had inadvertently made on a lease held by Gourment Profit (another of Profit's enterprises) was applied to the balance owing on another lease held by that particular business and not, as appellant contends, to the lease at issue here; and that, consequently, the $7,141.95 balance awarded by the trial court was correct. The court noted that OCGA § 9-11-60 (d) was not a proper basis for appellant's motion to set aside, and found that appellant received sufficient notice of the March hearing. We conclude, therefore, that the trial court correctly held that the grounds asserted by appellant would not warrant setting aside the judgment.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MARCH 16, 1984.

*Elizabeth A. Edelman, Michelle J. Bardavid,* for appellant.
*Henry D. Fellows, Jr.,* for appellee.