## 71327. FOLKS, INC. v. AGAN et al.
### (340 SE2d 26)

BIRDSONG, Presiding Judge.

Mrs. Agan ate a meal at one of the Po Folks restaurants on November 8, 1982, and as a result suffered food poisoning. On March 21, 1984, Mrs. Agan filed a complaint seeking monetary damages for her injuries, and Mr. Agan prayed for damages for loss of consortium. The Agans sought to serve the complaint upon the registered agent provided by Po Folks by a deputy sheriff at an address in Fulton County on April 5, 1984. On April 9, 1984, the complaint was returned to the Agans by the deputy with the notation that service could not be accomplished because there was no such address in Fulton County and the agent for service could not be located. Thereafter on May 10, 1984, service was perfected upon the Secretary of State in accordance with OCGA § 14-2-62.

No answer having been filed by Po Folks within 45 days, default judgment was entered in favor of the Agans on July 5, 1984, reserving the issue of damages. In her initial complaint, Mrs. Agan sought damages in an amount in excess of $28,000 including $3,508.32 for medical expenses and lost wages, and $25,000 for pain and suffering. On November 13, 1984, Mrs. Agan amended her complaint as regards her medical expenses and increased her demand from $3,508.32 to $5,969.02. Service of the amendment was made upon Po Folks through the Secretary of State on November 30, 1984.

Four months after a jury verdict for $18,000 had been entered, Po Folks restaurant made its first appearance, seeking by motion to set aside the judgment of November 16, 1984. That motion, following argument, was denied by the trial court. Po Folks then filed an appeal to this court as a final judgment. *Held*:

OCGA § 5-6-35 (a) (8) requires that appeals taken from orders under subsection (d) of OCGA § 9-11-60 denying a motion to set aside a judgment be accompanied by an application for appeal under the discretionary process. Folks, Inc. has not followed the appropriate and essential procedure to invoke the appellate jurisdiction of this court. Where an appellant fails to follow the appeal procedures required in this statutory provision, the appeal must be dismissed. *In the Interest of J. E. P.*, 168 Ga. App. 30 (308 SE2d 712), aff'd 252 Ga. 520 (315 SE2d 416).

*Appeal dismissed. Carley and Sognier, JJ., concur.*

DECIDED JANUARY 8, 1986.

*Donald B. Howe, Jr.*, for appellant.

*Jeffrey P. Richards*, for appellees.