## 71842. JONES v. JONES.
(344 SE2d 677)

BIRDSONG, Presiding Judge.

This court granted an application by the appellant mother, Betina Jones, for discretionary appeal from an order of the Decatur County Superior Court granting custody of her minor child to the father. Betina Jones and Jody Jones, parents of the minor child, were divorced on October 8, 1982. Both parties agreed to custody of the child by the mother and visitation rights by the father. Thereafter,

the mother was transferred by her employer to Jesup, Georgia, in Wayne County, a distance of approximately 190 miles from Bainbridge in Decatur County where the father resides. The mother is required to transport the child from Jesup to Bainbridge on two weekends each month to comply with the visitation rights contained in the divorce decree. The mother must remove the child from school on Friday afternoons to comply with the court-ordered visitation rights of the father. Mrs. Jones instituted an action in Decatur County, the county of residence of her former husband, to modify the visitation rights in the divorce decree. Mr. Jones answered and counterclaimed, requesting a change of custody of the minor child from the mother to himself. He contends that the mother, a resident of Wayne County, voluntarily submitted herself to the full jurisdiction of the Decatur County court, thus it had jurisdiction to hear his motion for a change of custody. The court agreed and found venue was proper. The mother's motion to dismiss the counterclaim for improper venue was denied and custody of the child was granted to the father. We granted the mother's application to bring this appeal. *Held*:

OCGA § 19-9-23 provides, in pertinent part: "(a) Except as otherwise provided in this Code section, after a court has determined who is to be the legal custodian of a child, *any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action in the county of residence of the legal custodian of the child.*

"(b) A complaint by the legal custodian seeking a change of legal custody or visitation rights shall be brought as a separate action in compliance with Article VI, Section XIV, Paragraph VI [now Art. VI, Sec. II, Par. VI] of the Constitution of this state.

"(c) No complaint specified in subsection (a) or (b) of this Code section shall be made:

"(1) As a counterclaim or in any other manner in response to a petition for a writ of habeas corpus seeking to enforce a child custody order; or

"(2) In response to any other action or motion seeking to enforce a child custody order." (Emphasis supplied.)

The mother was the legal custodian by order of the court, and under subsection (b) was required to bring a request for a change in visitation rights in the county of residence of the defendant — under the Constitution. Art. VI, Sec. II, Par. VI, Ga. Const. of 1983. Hence, the mother did not "voluntarily," as suggested by the father, submit herself to the jurisdiction of the Decatur County court, but complied with the requirements of the code and our constitution.

Subsection (a) of this code section mandates that "any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action in the county of residence of the legal

custodian," except "as otherwise provided in this Code section." It is not "otherwise provided *in this Code section*" that an application for "a change of legal custody" can be brought in any manner, except as a "separate action" and only within "the county of residence of the legal custodian," in this instance the county of residence of the mother. (Emphasis supplied.)

This change of legal custody petition was brought as a counterclaim in the county of residence of the party not having legal custody. Subsection (c) of OCGA § 19-9-23 provides that any complaint specified in subsection (a) or (b), which includes a change of legal custody, shall not be made as a counterclaim or in response to a petition for habeas corpus or a petition seeking to "enforce" child custody, or as a response to any other action seeking "to enforce a child custody order." Thus, it is arguable that since the legislature omitted any reference in subsection (c) to an action under subsections (a) or (b) being brought as a counterclaim to an action seeking "to change" child custody, that the type of action filed by the father is permissible under this section. We are not persuaded by this argument.

The Child Custody Intrastate Jurisdiction Act clearly states its purpose is to avoid "jurisdictional competition and conflict by courts within this state in matters of child custody" and that "litigation concerning the custody of a child ordinarily takes place in the court with which the child and his family have the closest connection and where significant evidence concerning the care, protection, training, and personal relationships of the child is most readily available and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another court of this state." OCGA § 19-9-21 (a). Our appellate courts have held that the court which is the domicile of the child (and the legal custodian) is the proper forum for consideration of a petition for a change of custody. *Tirado v. Shelnutt*, 159 Ga. App. 624 (1) (284 SE2d 641); *DeKalb County Dept. of Family &c. Svcs. v. Queen*, 252 Ga. 274, 275 (312 SE2d 800). We do not read *Harrison v. Speidel*, 244 Ga. 643 (261 SE2d 577), or *Ledford v. Bowers*, 248 Ga. 804 (286 SE2d 293), as requiring a different result. Those cases are distinguishable on their facts.

The legislature has determined that the legal custodian of the child shall bring her action for a change of visitation rights in the county of residence of the defendant, and that any action for a change of legal custody shall be brought as a separate action in the county of residence of the legal custodian of the child, except as provided in OCGA § 19-9-23. As it was not otherwise provided in that code section, the trial court erred in entertaining a counterclaim for a change of custody in the county of legal residence of the non-custodial parent. The father is not harmed. He can pursue his remedy as provided

by the statute, a separate action in the county of residence of the legal custodian of the child. *Hutto v. Hutto*, 250 Ga. 116, 118 (296 SE2d 549).

*Judgment reversed. Banke, C. J., concurs. Sognier, J., concurs in judgment only.*

DECIDED APRIL 7, 1986 —
REHEARING DENIED APRIL 23, 1986 —

*J. William Harvey*, for appellant.
*Ben Kirbo*, for appellee.