72702, 72703. BULLINGTON v. BULLINGTON; and vice versa.
(351 SE2d 700)

SOGNIER, Judge.

Rosalind Bullington, a resident of DeKalb County and legal custodian of three minor children, instituted an action against Thomas Bullington, her former husband, in Crisp County, his county of residence, seeking a modification of the visitation rights granted the father in the divorce decree. Thomas Bullington answered and counterclaimed, requesting a change of custody of the minor children, particularly the sole male child, from the mother to himself. The trial court granted the mother's motion to dismiss the counterclaim and we granted the father's application for discretionary appeal in Case No. 72702. The mother brings this cross-appeal as to the trial court's order modifying the parties' visitation rights in Case No. 72703.

1. The issue raised in the father's appeal, Case No. 72702, as to whether an action for change of custody can be brought as a counterclaim to an action filed in a county other than that of the legal custodian, is virtually identical to the issue raised in the recently decided opinion *Jones v. Jones*, 178 Ga. App. 794 (344 SE2d 677) (1986). In that case, we decided that any action for a change of legal custody shall be brought as a separate action in the county of residence of the legal custodian of the child and that the trial court cannot entertain a counterclaim for a change of custody in the county of legal residence of the non-custodial parent. Id. at 796. The Supreme Court granted the writ of certiorari in *Jones* on June 4, 1986, and we have held this opinion in anticipation of the disposition of this issue. However, no decision has been handed down by the Supreme Court and we are constitutionally bound to decide this case within two terms of our court. Therefore, we find this case to be controlled by our opinion in *Jones* and affirm the trial court's dismissal of the father's counterclaim for a change of custody.

2. In her cross-appeal, the mother alleges various errors concerning the trial court's order on her motion for modification of the father's visitation rights. The trial court found that the divorce placed custody of the parties' three minor children in the mother subject to "reasonable" visitation rights of the father. After the mother and the children moved out of Crisp County to DeKalb County, the parties agreed that the father would have the children every other weekend, on frequent holidays and two months each summer. This agreement broke down in September 1985 and the instant litigation was initiated to obtain a judicial determination of specific visitation rights. The trial court determined that the father would have visitation rights as to the two minor female children for one weekend a month, alternating holidays and a set period during summer vacation time. However, as to the third child, the trial court held that the father would "have

the right to visit with the minor son of the parties and to have said minor son visit with him *at all times, except* the first weekend of each month," alternating holidays and a set period during summer vacation time.

The mother argues that this order as to visitation privileges amounted to a de facto change in the custody of the minor male child which the trial court did not have the authority to effectuate. The statute in issue here is OCGA § 19-9-22 (2) which provides that " 'Legal custodian' means a person, including, but not limited to, a parent, who has been awarded permanent custody of a child by a court order. A person who has not been awarded custody of a child by court order shall not be considered as the legal custodian while exercising visitation rights. Where custody of a child is shared by two or more persons or where the time of visitation exceeds the time of custody, that person who has the majority of time of custody or visitation shall be the legal custodian."

We agree with the trial court that the General Assembly in this statute contemplates the possibility that the time of visitation may exceed the time of custody. It is for this reason that the legislature defined "legal custodian" as (1) one who has been awarded permanent custody of a child by court order *or*, alternately, either (2a) one who, when sharing custody with another, has the majority of time of custody or (2b) one whose time of visitation exceeds the time of custody. However, we do not agree with the trial court that the legislature intended OCGA § 19-9-22 (2) to authorize a court, in the absence of proper jurisdiction, to achieve a change of custody in the guise of a change in visitation rights. Indeed, rather than reading OCGA § 19-9-22 (2) as implicitly approving the extension of a person's visitation rights to the point where he/she becomes the legal custodian, the statute can only be read as explicitly designed to prevent such circumvention of the Georgia Child Custody Intrastate Jurisdiction Act (OCGA § 19-9-20 et seq., "the Act") by first noting that past a certain point, the extension of visitation rights results in a change in legal custodianship and then by providing that absent a court award of custody, a person *shall not be considered* a legal custodian while exercising visitation rights.

Thus, the trial court, despite having properly acknowledged in its dismissal of the father's counterclaim that it was without authority to effect a change in the custody of the parties' minor children, sought to accomplish the same result under the exercise of its power in regard to the mother's petition for modification of visitation rights. Regardless whether *Jones*, supra, is overruled so as to allow for change of custody in counterclaims under circumstances such as these, the Act does not contemplate utilizing modification of visitation rights to effect a change in custody and the trial court erred by so ordering.

*Judgment affirmed in Case No. 72702. Judgment reversed in Case No. 72703. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED DECEMBER 2, 1986 —
REHEARING DENIED DECEMBER 11, 1986 — 

*Davis N. Rainwater*, for appellant.
*Thomas H. Pittman, Neal A. Boortz, Jr., Donald A. Weissman*, for appellee.