73175, 73176. GOODWIN v. RICHMOND (two cases).
(356 SE2d 888)

BEASLEY, Judge.

Appellant filed a medical malpractice suit against Atlanta Surgi-Center, Inc., and appellee Dr. Alan Richmond. On August 25, 1985, Dr. Richmond moved for summary judgment. The motion was served on appellant who made no response thereto. Pursuant to Rule 6.3 of the Uniform Rules for Superior Courts (253 Ga. 801, 817) (1985), appellee requested a hearing on his motion, and it was scheduled for October 21, 1985. Notice of the date of the hearing was published in both the September 20 and October 18 editions of the official organ of Fulton County, the Fulton County Daily Report. No notice of a hearing date was served on appellant pursuant to OCGA § 9-11-6 (d). On October 21, the trial court heard oral argument presented on behalf of appellee without the presence of appellant's counsel. Noting that no responsive material had been filed on behalf of appellant, the trial court granted summary judgment in favor of appellee. After the entry of judgment, appellant filed a motion to set aside the judgment, which the trial court denied. Appellant appeals from both orders of the trial court: Case No. 73175 is an appeal from the order granting summary judgment to appellee, and Case No. 73176 is an appeal from the order denying the motion to set aside the judgment.

1. The direct appeal in Case No. 73176 is from an order denying a motion to set aside the judgment. Inasmuch as appellant has not followed the statutorily prescribed procedure for appealing such an order (see OCGA § 5-6-35 (a) (8)), that appeal must be dismissed. *Folks, Inc. v. Agan*, 177 Ga. App. 480 (340 SE2d 26) (1986).

2. Appellant urges this court to find error in the grant of summary judgment because she had no actual notice of the hearing as required by OCGA § 9-11-6 (d). Although we have held on numerous occasions that appearance of the trial date in the official organ of the county constitutes sufficient notice of a trial date (*Spyropoulos v. John Linard Estate*, 243 Ga. 518 (255 SE2d 40) (1979); *Automated Med. Svc. v. Holland*, 166 Ga. App. 57 (1) (303 SE2d 127) (1983); *Rockmart Bank v. Beck*, 129 Ga. App. 457 (199 SE2d 907) (1973)), the same is not true when the hearing date in question pertains to a motion for summary judgment. OCGA § 9-11-6 (d). The cited cases concerned notice of trial, controlled by OCGA § 9-11-40 (c), which refers only to *notice*. Notice of a hearing on a motion, however, is required by OCGA § 9-11-6 (d) to be *served*. Service of such notice is controlled by OCGA § 9-11-5 (b), which provides specific means by

which service may be accomplished and does not make provision for service by publication. We hold, therefore, that publication of notice of a motion hearing date is not, by itself, sufficient compliance with § 9-11-6 (d). See *Profit v. Leasing Systems*, 170 Ga. App. 364 (2) (317 SE2d 341) (1984). In the present case, appellant contends she was not served with notice of the hearing date and the record contains no evidence to the contrary. We, therefore, hold that the trial court erred in conducting a hearing on appellee's motion for summary judgment in the absence of proper service of notice of the hearing on appellant.

It is urged that any error was harmless under the circumstances of this case because appellant never registered any opposition to appellee's motion for summary judgment.

Since plaintiff did not have legal notice of the hearing date for the motion for summary judgment, she was deprived of her statutory right to file opposing affidavits up to one day before that hearing. OCGA §§ 9-11-56 (c) and 9-11-6 (d). Lack of notice of the hearing date meant that nothing triggered notice to her of her cut-off date for filing opposing affidavits. Therefore, not surprisingly, when the trial judge heard the motion for summary judgment, there were no opposing affidavits.

Dr. Richmond's affidavit in this medical malpractice case had been served August 19 and the motion was heard and decided on October 21. The post-judgment record in this case shows that plaintiff was in the process of attempting to obtain medical expert affidavits. Once she learned of the summary judgment, it became futile as well as wasteful of time and money resources to pursue these affidavits, unless she first obtained relief from the judgment.

The ruling on the motion for summary judgment was premature, in that the required notice has not yet been given so that it could be held in accordance with statutorily prescribed procedure. Hence, the judgment should be reversed for reconsideration after due notice and the opportunity to file opposing affidavits. Whether appellant should be permitted to also present oral argument, in the absence of the 30-day response required by Uniform Rules 6.2 and 6.5 for the Superior Courts, 253 Ga. 816, 817 (1985), is not necessary to decide.

*Judgment reversed in Case No. 73175. Appeal dismissed in Case No. 73176. Deen, P. J., McMurray, P. J., Carley, Sognier and Pope, JJ., concur. Birdsong, C. J., and Benham, J., dissent. Banke, P. J., not participating.*

BENHAM, Judge, dissenting.

While I fully concur in the dismissal of the appeal in Case No. 73176, I find the trial court's action upon which the majority bases its reversal in Case No. 73175 to be harmless error under the circumstances of this case.

Appellant never registered any opposition to appellee's motion for summary judgment. While appellant had been served with a copy of the motion and was aware that a hearing had been requested, she failed to file a response to appellee's motion for summary judgment within 30 days as required by Rule 6.2 of the Uniform Rules for Superior Courts. Appellant now asks this court to find that Rule 6.2 is inconsistent with the following pertinent language of OCGA § 9-11-56 (c): "The motion shall be served at least 30 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits." It is appellant's contention and the majority's position that OCGA § 9-11-56 (c) allows an opposing party to respond to a motion up to the day before the hearing and that, since appellant had no notice of the hearing, she was prevented from filing a response. I disagree with her interpretation of the statute and with the conclusion based thereon.

OCGA § 9-11-56 (c) allows for the filing of *affidavits* up to the day before the hearing. The Civil Practice Act does not contain a deadline for the submission of a *response* to a motion for summary judgment. Rule 6.2 fills that void by mandating that "unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response . . . not later than 30 days after service of the motion." Therefore, appellant was required to file a *response* to appellee's motion within 30 days unless the trial judge ordered otherwise. If appellant had wished to file affidavits in opposition to appellee's motion, she would have had the opportunity to serve those affidavits upon appellee until the day before the oral hearing. OCGA § 9-11-56 (c). Lack of service of notice of the date of the oral hearing, however, in no way affected appellant's duty under Rule 6.2 to respond to appellee's motion not later than 30 days after its service. I emphatically note, however, that failure to respond to a motion in compliance with Rule 6.2 is not a consent to judgment or an acknowledgement that the movant has borne the burden of showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). The trial court must still make that finding from the evidence of record.

The record in this case supports such a finding and appellant failed, both on the initial consideration of the motion and on consideration of her motion to set aside the judgment, to proffer any material which would have required a different result. Therefore, the error in conducting the hearing on appellee's motion for summary judgment without service on appellant of notice of the date of the hearing was harmless, the entry of summary judgment for appellee is fully supported by the record, and the trial court's ruling should be affirmed.

748

I respectfully dissent from its reversal.

DECIDED APRIL 3, 1987 —
REHEARING DENIED APRIL 30, 1987 —

*Charles M. Leverett*, for appellant.
*Philip C. Henry, Robert D. Ingram, James M. Poe, Michael G. Frick, Jennie E. Rogers, Alan Nicholson, Elaine Whitehurst*, for appellee.