## 73869. LEWIS v. SUN MANAGEMENT, INC.
### (356 SE2d 526)

CARLEY, Judge.

Alleging appellant-lessee's failure to pay rent when due, appellee-lessor instituted dispossessory proceedings pursuant to OCGA § 44-7-50. When appellant failed to answer, the trial court entered default judgment in favor of appellee on April 25, 1985. Appellant was evicted from the premises on April 30, 1985 and filed a pleading denominated as his motion for new trial on July 10, 1986. Appellant appeals from the trial court's denial of his motion for new trial.

"There being no verdict and judgment based on testimony of witnesses, a motion for new trial was not in order here. [Cits.]" *Bullock v. Grogan*, 139 Ga. App. 97 (1) (227 SE2d 894) (1976). Even had a motion for new trial been appropriate, appellant's motion was not timely filed within 30 days after entry of judgment. Appellant's only available remedy was to file a motion to set aside the default judgment. See OCGA § 9-11-60 (d). However, even if we were to construe appellant's untimely motion for a new trial as a motion to set aside, this court would still have no jurisdiction over the appeal. Appeals from the denial of such motions are discretionary and appellant did not follow the applicable procedure to secure appellate review of the denial of his motion. See OCGA § 5-6-35 (a) (8); *Folks, Inc. v. Agan*, 177 Ga. App. 480 (340 SE2d 26) (1986).

*Appeal dismissed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 6, 1987.

*Walter L. Fortson*, for appellant.
*Craig G. Harley, Edward W. Killorin*, for appellee.