## 73922. LEONARD v. EASLEY.
## 74035. FEGREUS v. EASLEY.
### (359 SE2d 443)

McMURRAY, Presiding Judge.

### Case No. 73922

Case No. 73922 is a negligence action arising from a motor vehicle collision. Appellee Easley as plaintiff sought to recover for loss of use and damage to his automobile from two defendants, appellant Stacey Andrea Leonard (now known as Stacey Andrea Fegreus) and Shelia Joy Sumlin. Following the failure of appellant to file her answer or other defensive pleading a default judgment was entered in favor of appellee and against appellant in the amount of $1,307.88 with interest and court cost. Appellant's motion to set aside judgment was denied and this appeal from the denial of the motion was filed. However, the appeal in Case No. 73922 must be dismissed due to appellant's failure to follow the discretionary appeal procedure required by OCGA § 5-6-35 (a) (8) in such cases. Folks, Inc. v. Agan, 177 Ga. App. 480 (340 SE2d 26).

### Case No. 74035

Case No. 74035 is an action by appellant Stacey Andrea Fegreus (formerly known as Stacey Andrea Leonard) against appellee Easley, seeking damages for an alleged abuse of process. Appellant's complaint alleges that appellee had previously filed a civil action against appellant; that the previous civil action by appellee was for damages allegedly caused by appellant; that appellant was not responsible in any way for the damages of appellee; and, that appellee obtained a default judgment against appellant. The complaint further alleges that prior to appellee's filing of his prior civil action he had received compensation for his damages from his insurance carrier; that after receiving the default judgment appellee filed a certificate with the Department of Public Safety for the State of Georgia causing the driver's license of appellant to be suspended; that appellee has abused the process of law; and, that appellee has caused the suspension of the driver's license of appellant in an attempt to collect a debt when

such debt has been paid by the insurance carrier of appellee and that appellant has been damaged by the actions of appellee.

Appellee moved for summary judgment relying upon the evidence of record including the certified record of the prior civil action, Case No. 73922. Appellee's motion for summary judgment was granted, the superior court holding that: "The instant action is barred by the doctrine of res judicata . . . [I]t is but a thinly veiled attempt to litigate issues which have been previously adjudicated." Appellant appeals the grant of summary judgment in favor of appellee. The superior court's holding that the doctrine of res judicata barred appellant's action is enumerated as error and appellant argues that the doctrine of res judicata "does not apply in this civil action."

"For res judicata to act as a bar of a subsequent action, the original and subsequent action must bear certain identical characteristics. The two actions must be between identical parties or their privies, and the cause of action in each suit must be identical." *Norris v. Atlanta & West Point R. Co.*, 254 Ga. 684 (333 SE2d 835). While the appellant is clearly attempting to relitigate a number of issues, the cause of action in this abuse of process action is not identical to that in Case No. 73922, the prior negligence action, and consequently the superior court erred in its reasoning that the instant action is barred by the doctrine of res judicata. However, as the grant of summary judgment in favor of appellee and against appellant in Case No. 74035 was correct for other reasons, the superior court's judgment is affirmed. *Jones v. First Nat. Bank of Atlanta*, 147 Ga. App. 441 (249 SE2d 154); *Kitchens v. Winter Co. Bldrs.*, 161 Ga. App. 701, 703 (2) (289 SE2d 807).

First, we should note that while the doctrine of res judicata is inapplicable, the similar doctrine of collateral estoppel "precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action." *Norris v. Atlanta & West Point R. Co.*, 254 Ga. 684, 685, supra. A number of appellant's allegations involve issues previously resolved in favor of appellee in the prior litigation between the parties and may not be readjudicated.

However, the crux of appellant's abuse of process claim rests upon evidence that appellee had been paid for his damages by his insurance carrier prior to causing the suspension of appellant's driver's license for non-payment of a judgment pursuant to OCGA § 40-9-61. Appellant also relies upon the holding of *McGlohon v. Ogden*, 251 Ga. 625, 628 (1) (308 SE2d 541), "that in those cases in which plaintiff's no-fault insurer is entitled to subrogation, the plaintiff's recovery from the tortfeasor must not include damages for which the plaintiff has been compensated by his or her no-fault insurer (i.e. plaintiff's recovery must not include damages which plaintiff's insurer is entitled to recover by virtue of its right of subrogation). Therefore,

in cases in which plaintiff's no-fault insurer is entitled to subrogation, the collateral source rule is inapplicable."

Apparently, appellant assumes that appellee's insurer is entitled to subrogation thereby precluding appellee's reliance upon the collateral source rule. However, contrary to the implications arising from the facts and law relied upon by appellant, appellee's insurer has no right of subrogation for the damages paid appellee for damage to his motor vehicle as the underlying motor vehicle collision (which occurred on November 19, 1982), and the insurance payments to appellee were both made prior to the 1984 amendment of OCGA § 33-34-3 (see Ga. L. 1984, p. 516, § 1) which added OCGA § 33-34-3 (d) (1) (B) providing for subrogation where no-fault insurance benefits are paid for damage to the insured motor vehicle. Thus, at that time there was no subrogation for benefits paid for damage to the insured motor vehicle so that in the case sub judice, the collateral source rule is applicable. Under the collateral source rule appellee is permitted to recover damages from appellant notwithstanding the fact that appellee received compensation for his damages from his insurance carrier. See *McGlohon v. Ogden*, 251 Ga. 625 (fn. 1), supra. As appellee was entitled to recover his judgment from appellant there was no abuse of process in his utilization of the provisions of OCGA § 40-9-61 for this purpose, the use for which this statute is intended. See generally *Keenan v. Hardison*, 245 Ga. 599 (266 SE2d 205).

*Judgment affirmed in Case No. 74035. Appeal dismissed in Case No. 73922. Sognier and Beasley, JJ., concur.*

DECIDED JULY 8, 1987.

*Larry W. Russell*, for appellants.
*Henry R. Stringfellow*, for appellee.