75187. MARTIN v. BUGLIOLI.
(365 SE2d 866)

BENHAM, Judge.

In March 1981, appellant Martin divorced her husband, appellee Buglioli, and pursuant to an agreement incorporated in the final de-

cree, was awarded permanent custody of their minor daughter. In May of 1986, appellee petitioned for a change of custody, alleging that there had been a material change of circumstance adversely affecting the child's welfare. The trial court, while finding that appellee "has failed to show that there has been any material deleterious change in circumstances substantially affecting the welfare of the minor child while in the custody of the mother . . . sufficient to justify a change in permanent custody from [appellant to appellee]," ordered that appellee have custody of the child for each school year, a portion of each summer, and certain other scheduled times during each remaining year of the child's minority. Appellant applied to this court for discretionary review, and we granted her application.

Appellant argues that by giving appellee, the non-custodial parent, visitation privileges for the greater part of the year, the trial court created a de facto change in custody, thereby making appellee the "legal custodian" within the meaning of OCGA § 19-9-22 (2). She also contends that the trial court abused its discretion by, in effect, changing legal custody to appellee by setting the visitation schedule as it did without showing a change in circumstances required by OCGA § 19-9-1 (a). We agree with appellant's assertion that the case is controlled by *Bullington v. Bullington*, 181 Ga. App. 256 (2) (351 SE2d 700) (1986), in which this court held that a trial court cannot seek to effect a change in legal custody under the exercise of its power to modify a parent's visitation rights. Id. at 257. Appellee contends that *Bullington* has no application to the case before us since the trial court in *Bullington* acknowledged that it had no jurisdictional authority to entertain a petition for a change in custody, but effected such a change under the guise of modifying visitation rights. We do not find that argument persuasive. There is no merit in the proposition that if a trial court acknowledges it may be acting erroneously and does so, its actions should be reversed; but that if a trial court is unaware that it is acting erroneously, its actions should be affirmed.

Appellee also argues that since OCGA § 19-9-22 is part of the Georgia Child Custody Intrastate Jurisdiction Act (OCGA § 19-9-20 et seq.), it is of no effect here because this case is an interstate one. We find nothing in *Bullington* that limits its application to intrastate cases, and so we reject appellee's contention in that regard.

Since, as the trial court concluded, there was no showing of a material adverse effect on the minor child, a change in custody was not authorized. *Evans v. Stowe*, 181 Ga. App. 489 (4) (352 SE2d 811) (1987). Therefore, it was error for the trial court to indirectly effect a change by modifying the visitation schedule. *Bullington*, Division 2.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 1, 1988.

*Michael S. Bennett,* for appellant.
*George M. Saliba II,* for appellee.