75450, 75687. GRAVES v. GRAVES (two cases).
(366 SE2d 809)

CARLEY, Judge.

Appellant is a resident of Putnam County. In his capacity as the custodial parent of two minor children, appellant instituted an action against appellee, his former wife, seeking an award of child support from her and a modification of her visitation rights. Appellant filed his action in the Superior Court of Bibb County, the county of appellee's residence. Appellee answered appellant's complaint and counterclaimed to have custody of the minor children changed from appel-

lant to herself. In her counterclaim, appellee alleged that appellant had voluntarily submitted himself to the jurisdiction of Bibb County by filing his complaint for modification. The Superior Court of Bibb County transferred the issue of child custody and visitation rights for determination by the Juvenile Court of Bibb County. In the juvenile court, appellant moved to dismiss appellee's counterclaim for a change of custody, contending that venue was improper in Bibb County. The juvenile court denied appellant's motion and entered an order awarding custody of the minor children to appellee. After the juvenile court awarded custody to appellee, the superior court entered an order granting child support to appellee. Appellant subsequently filed a motion pursuant to OCGA § 9-11-60 (d), wherein he sought to have the superior court set aside its child support order. Appellant's motion was denied.

In case number 75687, this court granted appellant's application for a discretionary appeal from the juvenile court's order awarding child custody to appellee. In case number 75450, appellant brings a direct appeal from the superior court's order denying his motion to set aside its award of child support to appellee. The two cases are hereby consolidated for disposition in this single opinion.

## Case No. 75687

1. Appellant enumerates as error the failure of the juvenile court to grant the motion to dismiss appellee's counterclaim for child custody. This enumeration is controlled by our decision in *Jones v. Jones*, 178 Ga. App. 794 (344 SE2d 677) (1986), aff'd 256 Ga. 742 (352 SE2d 754) (1987). In *Jones*, this court held that where the custodial parent seeks the modification of the visitation rights of the noncustodial parent and has filed his petition in the county of the residence of the noncustodial parent, the noncustodial parent cannot seek a change of custody by filing a counterclaim but, instead, must file a separate action in the county of residence of the custodial parent. *Jones v. Jones*, 178 Ga. App., supra at 796. Accordingly, appellee's counterclaim was improper and the juvenile court erred in denying appellant's motion to dismiss the counterclaim.

2. Appellant has moved this court for attorney's fees and expenses of litigation under § 9-15-14. "We do not address the merits of appell[ant]'s motion for attorney fees [and expenses of litigation] under OCGA § 9-15-14 for such a motion properly addresses itself to the trial court for disposition." *Chrysler Corp. v. Marinari*, 182 Ga. App. 399, 403 (4) (355 SE2d 719) (1987).

## Case No. 75450

3. Appellant enumerates as error the superior court's denial of

the motion to set aside its award of child support to appellee. However, appellee has moved to dismiss this appeal for appellant's failure to follow the discretionary appeal requirements of OCGA § 5-6-35.

"Under the provisions of OCGA § 5-6-35 (a) (2), appeals from judgments or orders in divorce, alimony, child custody, and other domestic relations cases must be taken by application. Matters of child support fall into the category of 'other domestic relations' and are therefore within the purview of OCGA § 5-6-35 (a) (2). [Cit.]" *Roach v. Roach*, 182 Ga. App. 122-123 (354 SE2d 877) (1987). Additionally, OCGA § 5-6-35 (a) (8) requires that an appeal from an order denying a motion to set aside a judgment is discretionary and must be taken by application. "Appeals from the denial of [a motion to set aside a judgment] are discretionary and appellant did not follow the applicable procedure to secure appellate review of the denial of his motion. [Cits.]" *Lewis v. Sun Mgt.*, 182 Ga. App. 560 (356 SE2d 526) (1987). See also *Goodwin v. Richmond*, 182 Ga. App. 745 (1) (356 SE2d 888) (1987). Since appellant has failed to comply with the provisions of OCGA § 5-6-35, his appeal must be dismissed.

However, the superior court's award of child support to appellee states on its face that it is based upon the juvenile court's erroneous award of child custody to appellee, which erroneous award we have reversed in case number 75687. Under these circumstances, we see no reason why appellant would not now be entitled to move the superior court to set aside its award of child support. "A motion to set aside may be brought to set aside a judgment based upon: A nonamendable defect which appears upon the face of the records or pleadings." OCGA § 9-11-60 (d) (3).

*Judgment reversed in case number 75687. Appeal dismissed in case number 75450. Banke, P. J., and Benham, J., concur.*

DECIDED MARCH 1, 1988.

*Charles V. Choyce, Jr.*, for appellant.
*William J. Self II*, for appellee.