A99A0048. WILSON v. BALDWIN.
(519 SE2d 251)

POPE, Presiding Judge.

Ginger Baldwin and Michael Wilson were divorced in Tattnall County and awarded joint custody of their daughter, with Baldwin to have physical custody. Later Baldwin moved to Monroe County with the child.

On December 9, 1997, Baldwin sued Wilson in Tattnall County for modification of child support, and Wilson counterclaimed for change of custody. The trial court dismissed the counterclaim pursuant to OCGA § 19-9-23 (a), which is part of the Child Custody Intrastate Jurisdiction Act (CCIJA). We granted Wilson's application to appeal.

OCGA § 19-9-23 (a) provides: "Except as otherwise provided in this Code section, . . . any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action in the county of residence of the legal custodian of the child." Baldwin is the legal custodian under the CCIJA. OCGA § 19-9-22. Baldwin argues § 19-9-23 (a) required Wilson to file a separate action in Monroe County.

Subsection (c) of the same Code section prohibits bringing "a complaint seeking to obtain a change of legal custody" in two situations: "(1) As a counterclaim or in any other manner in response to a petition for a writ of habeas corpus *seeking to enforce a child custody order*; or (2) In response to any other action or motion *seeking to enforce a child custody order.*" (Emphasis supplied.) Wilson contends that because Baldwin filed a petition to modify child support and not to enforce a child custody order, subsection (c) does not prohibit him from seeking change of custody in a counterclaim, even if the action was not filed in the legal custodian's county of residence. He cites *Dixon v. Dixon*, 183 Ga. App. 756, 757 (360 SE2d 8) (1987) in support of his position. Arguably the Code section is ambiguous.

The Supreme Court in *Jones v. Jones*, 256 Ga. 742, 743 (352 SE2d 754) (1987) has resolved this issue. In *Jones*, the custodial mother filed an action in the father's county of residence seeking to modify the father's visitation rights and the father filed a counterclaim seeking a change of custody. The Supreme Court stated:

> The father, in filing a counterclaim seeking to change custody, violated two provisions of OCGA § 19-9-23 (a): (1) by

failing to bring a separate action to have custody changed, and (2) by failing to bring such an action in the county of residence of the legal custodian of the child.

Id. at 743. The Court did not apply subsection (c) to allow the counterclaim just because the mother filed something other than an enforcement action. See also *Graves v. Graves*, 186 Ga. App. 140 (366 SE2d 809) (1988) (counterclaim for change of custody violates OCGA § 19-9-23 (a) where custodial parent brought claim for an award of child support and modification of visitation rights). Although not mentioned in the Supreme Court's opinion in *Jones*, the ambiguity in the statute was addressed in the case affirmed in that decision, *Jones v. Jones*, 178 Ga. App. 794 (344 SE2d 677) (1986).

The Supreme Court's decision makes clear that subsection (c) equates the term complaint with the term counterclaim, showing the drafters of the Code section used "complaint" in its common form to mean grievance, not as a term of art to mean the document used to commence a civil action under the Civil Practice Act. See American Heritage Dictionary (2nd College edition 1985), p. 301. "[A] statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part." *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975). The entire Code section thus contemplates that "a complaint seeking to obtain a change of legal custody" theoretically could be filed as a formal complaint in a separate action or as a counterclaim. Subsection (a) requires such a complaint to be filed in a separate action in the legal custodian's county of residence. Subsection (c) then prohibits filing such a complaint as a counterclaim under certain circumstances. Subsection (c) has meaning because it clarifies that counterclaims which may be compulsory under OCGA § 9-11-13 (a), are prohibited.

To eliminate any confusion, to the extent *Dixon v. Dixon* is inconsistent with our holding it must be disapproved. We note that the Supreme Court decided *Jones v. Jones* four months before *Dixon v. Dixon*, and that the same court denied certiorari in *Dixon v. Dixon*. However, denial of certiorari "should not be construed as the expression of an opinion by the appellate court on the merits of the decision." (Emphasis omitted.) *Intl. Indem. Co. v. Coachman*, 181 Ga. App. 82, 85 (1) (351 SE2d 224) (1986). Cf. *Dunwoody Country Club v. Fortson*, 243 Ga. 236, n. 2 (253 SE2d 700) (1979).

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Blackburn, P. J., Andrews, Smith, Ruffin, Eldridge, Barnes and Ellington, JJ., concur.*

DECIDED JUNE 7, 1999 —
RECONSIDERATION DENIED JULY 27, 1999 ▮

*Dubberly & McGovern, Joseph D. McGovern*, for appellant.
*Newton, Smith, Durden, Kaufold & Rice, Howard C. Kaufold, Jr., Sherri P. McDonald*, for appellee.