A00A1178. McCALL v. McCALL.

(542 SE2d 168)

RUFFIN, Judge.

We granted Deborah McCall's application for discretionary appeal to determine whether the trial court exceeded its authority by entering an order within the context of a contempt proceeding which had the effect of modifying custody. We find that it did and reverse.

Deborah McCall and Nathan McCall divorced in 1989. Under the terms of the final judgment and decree, Deborah McCall obtained

---

[12] *Stamey v. State*, 194 Ga. App. 305, 306 (1) (a) (390 SE2d 409) (1990).

sole custody of the couple's two minor children, and Nathan McCall, as the noncustodial parent, had visitation rights on alternate weekends. After Nathan McCall relocated to the Washington, D.C., area and obtained a lucrative book contract, Deborah McCall filed a complaint for modification of child support. In December 1992, a jury found in her favor. Nathan McCall was thereafter ordered to make increased monthly child support payments and to provide health insurance. Nathan McCall was granted summer visitation rights for six weeks conditioned on providing two weeks prior written notice.

Nathan McCall remained in the Washington, D.C., area for nearly ten years until late August or early September 1998, when he relocated to Atlanta. Shortly after his arrival, he began picking up the children directly from school on alternate Fridays and spending weekends with them. Despite having access to and visitation with the children, in October 1998, Nathan McCall applied for a contempt citation against his ex-wife for purportedly violating court orders.[1] McCall alleged that his former spouse had wilfully refused to cooperate in the scheduling and exercise of visitation periods, had failed and refused to facilitate his receipt of information about the children's school work, and had refused to cooperate in ensuring reasonable phone access with the children. He also complained that she had thwarted efforts to refinance the mortgage on the former marital residence.

After a hearing on Nathan McCall's contempt petition, the trial court found "the mother in contempt of the visitation provisions and in contempt of the spirit of the March 23, 1989 Judgment."[2] The court altered the original judgment to allow visitation by the father on alternate weekends from the "close of school on Friday until Sunday night at 5:00 p.m." The court directed both parents to "allow the children reasonable access to the other party by telephone while the children are in that party's care and control." In addition, the court authorized direct access by Nathan McCall to schools, health care providers, tutors, or therapists to obtain any information, reports, or records that he desired. The court ordered:

The father shall have equal right to visit with the children

---

[1] The precipitating event occurred on a Friday afternoon. When McCall came to pick up the children, they refused to leave with him because their mother was not at home and she did not know about the unexpected change of plans. Five days after this apparent mix-up, McCall filed a petition for contempt against his ex-wife.

[2] Although we have not been able to find any evidence that Deborah McCall violated any portion of the final judgment entered in the divorce including the modifications of December 1992, our decision hinges on a matter of legal error. See *Gay v. Gay*, 268 Ga. 106, 107 (1) (485 SE2d 187) (1997) (contempt order should contain sufficient facts to support a finding that the party is in contempt of court).

at their school, doctor's office, therapist's office or tutor's office so long as such visits are not disruptive to the children's visits or activities. The father shall have equal right to individually consult with the children's teachers, doctors, therapists, tutors or coaches. The mother shall make no objection to these activities and shall execute whatever documents that are necessary to inform these institutions of the father's right to receive such documentation and to release such documentation to him.

Additionally, the court granted to Nathan McCall the sole right to select a psychologist for the children ostensibly to improve the parent-child relationship.

1. Deborah McCall contends that the trial court abused its discretion by granting rights to a noncustodial parent that had not been conferred to him in the final divorce decree. She claims that the trial court lacked authority to modify the respective legal rights of the parents in an action seeking a contempt citation. We agree.

In a contempt proceeding, as here, the trial court has authority to interpret the meaning of a divorce decree.[3] In such action, the trial court does not have authority to modify a final judgment and divorce decree.[4] The trial court, however, can modify visitation rights.[5] But the trial court cannot effect a change in custody under the guise of modifying visitation rights.[6] Since a prior final custody award cannot be modified in a contempt action, if the order at issue here modified custody as opposed to merely changing visitation, then the trial court erred in entering that order.[7]

By law, to obtain a change of custody, the noncustodial parent is required to file a new action for that specific purpose.[8] According to the clear and unequivocal language of OCGA § 19-9-23 (a), a contempt proceeding and a change of custody proceeding must be instituted as two separate actions.[9] Moreover, to prevail in a custody action, the noncustodial parent must show a change of condition materially affecting the welfare of the children and must prove that a modification of the original award would be in the children's best

---

[3] *Millner v. Millner*, 260 Ga. 495, 497 (2) (397 SE2d 289) (1990).

[4] *Harper v. Smith*, 261 Ga. 286 (404 SE2d 120) (1991).

[5] OCGA § 19-9-1 (b); *Blalock v. Blalock*, 247 Ga. 548, 550 (2) (277 SE2d 655) (1981); *Sampson v. Sampson*, 240 Ga. 118, 119 (239 SE2d 519) (1977) (visitation rights may be altered in a contempt proceeding upon motion by either party or on motion by the trial court).

[6] *Martin v. Buglioli*, 185 Ga. App. 702, 703 (365 SE2d 866) (1988).

[7] *Groover v. Simpson*, 234 Ga. 714, 715 (217 SE2d 163) (1970); *Hammontree v. Hammontree*, 186 Ga. App. 819, 821 (368 SE2d 575) (1988).

[8] OCGA § 19-9-23 (a).

[9] *Hammontree*, supra, 186 Ga. App. 819.

interests and welfare.[10] But here, no such action was ever filed. Nathan McCall sought merely to have his ex-wife cited for contempt. A separate and independent suit to modify custody was not instituted as required by OCGA § 19-9-23 (a).

2. Deborah McCall contends that the trial court exceeded its authority by extending to her former husband rights reserved to her as the sole legal custodian of the minor children.[11] She claims that by granting new rights and entitlements to the noncustodial parent, the trial court effectively granted a change in custody equivalent to "joint legal custody."[12] Again, we agree.

"A parent who has been awarded custody pursuant to a divorce [action] has a prima facie right to retain such custody."[13] Without question, the 1989 judgment awarded custody of the two children to Deborah McCall only. By statutory definition, "sole custody" means "a person . . . awarded permanent custody of a child by a court order." OCGA § 19-9-6 (4). As the person awarded permanent custody of the children under the final judgment in the divorce, Deborah McCall obtained authority to: "the rights and responsibilities for major decisions concerning the child, including the child's education, health care, and religious training."[14] Joint legal custody means that both parents have equal rights and responsibilities for major decisions concerning the children including education, health care, and religious training.[15] Thus, "[j]oint legal custody allows both parents' involvement in making major decisions concerning the child[ren]."[16]

It is undisputed that under the 1989 final judgment, Nathan McCall obtained only visitation rights. But within the context of a proceeding for contempt, and notwithstanding the terms of the final judgment, the trial court not only altered visitation rights but also directed that Nathan McCall "shall have equal right to individually consult with the children's teachers, doctors, therapists, tutors or coaches." The trial court also gave him the right to select a counselor for their children. By granting rights equal to the sole legal custodian to consult with teachers, doctors, and other professionals, and by empowering the noncustodial parent to decide the need for a psychologist and to select that person, and by ordering that the custodial parent,

---

[10] *Johnson v. Hubert,* 175 Ga. App. 169, 170 (1) (333 SE2d 21) (1985).

[11] *Sanchez v. Pritchard,* 247 Ga. 26 (273 SE2d 613) (1981) ("trial court had no authority in the contempt proceedings to modify and condition the terms of the original judgment"); see *Everett v. Everett,* 256 Ga. 632, 633 (2) (352 SE2d 370) (1987).

[12] See OCGA § 19-9-6 (2).

[13] *Daniel v. Daniel,* 235 Ga. App. 184 (1) (509 SE2d 117) (1998) (physical precedent only); see *Ormandy v. Odom,* 217 Ga. App. 780 (1) (459 SE2d 439) (1995).

[14] OCGA § 19-9-6 (4).

[15] OCGA § 19-9-6 (2).

[16] *Scott v. Scott,* 227 Ga. App. 346, 350 (2) (489 SE2d 117) (1997).

Deborah McCall, "shall not object to these changes and shall execute all documents necessary to give effect to these [new] rights [of Nathan McCall]," the court transformed the final judgment rendered in the 1989 divorce into a hybrid custodial arrangement or a mutation of "joint legal custody."[17] In so doing, the trial court exceeded its authority.[18] We, therefore, reverse all portions of the judgment except the revisions made to the visitation schedule.[19]

3. In light of our holding, we need not address whether Deborah McCall's due process rights were abrogated by undue interference with her legal and constitutional rights to parent the children without intrusion by the State.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 13, 2000.

*Pilar J. Penn*, for appellant.
*Warner, Mayoue & Bates, Robert D. Boyd*, for appellee.

---

[17] OCGA § 19-9-6 (2).
[18] *Sanchez*, supra, 247 Ga. 26; *Parker v. Parker*, 242 Ga. 64, 66 (247 SE2d 862) (1978).
[19] *Martin*, supra, 185 Ga. App. 702.